IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Cary Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:04-cv-107 |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | **ORDER FOR ATTORNEY FEES** |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Plaintiff's motion for attorney fees. The motion is filed pursuant to the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412, and alternatively pursuant § 406(b) of the Social Security Act (SSA). The Commissioner resists the motion as to an award under the EAJA but makes no objection to an award of fees under the Social Security Act itself. The Court concludes the EAJA request is untimely but an award under the Social Security Act is permissible.

**I.    BACKGROUND**

Allen filed a complaint with this Court on September 3, 2004, seeking judicial review of the Commissioner's decision finding that he was not disabled. In an opinion dated April 4, 2005, the Court reversed the decision of the Commissioner and remanded the case for an award of benefits from March 3, 2001. Judgment was entered the same day. No appeal was taken.

The Commissioner withheld twenty-five percent of Allen's past-due benefits or $12,507.00 for the payment of attorney fees as is permitted by section 406 of the SSA. 42 U.S.C. § 406. This occurred in August of 2005. In May of 2007, the Commissioner sent Plaintiff's counsel a letter inquiring as to whether an application for the monies withheld would be

submitted. A petition pursuant to section 406(a) was submitted and denied. On June 7, 2007, the defendant filed the motion for attorney fees which is now before the Court.

**II.   ANALYSIS**

There are three varieties of attorney fee awards that are applicable in Social Security cases where the Plaintiff has received an award of benefits: 406(a) fees and 406(b) fees under 42 U.S.C. § 406, and EAJA fees under 28 U.S.C. § 2412.

Under section 406(a), a successful claimant's attorney may directly petition the Social Security Administration for attorney fees to be paid from the claimant's past due benefits for work performed before the Social Security Administration, e.g., representation before the State agency, Administrative Law Judge, and Appeals Council.

Under section 406(b), a successful claimant's attorney may petition the Court for attorney fees to be paid from the claimant's past-due benefits for work performed before the Court. Both 406(a) and 406(b) fees are limited to twenty-five percent of the claimant's past due benefits, which is withheld from the claimant by the Commissioner after benefits are awarded.

Under the EAJA, a successful claimant's attorney may petition the Court for attorney fees to be paid by the Commissioner rather than withheld from the claimant's past-due benefits. The Commissioner can avoid paying the claimant's attorney fees if she can show her position was substantially justified. Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987).

Fees awarded pursuant to both sections 406(a) and 406(b) may be awarded in addition to any attorney fees a claimant's counsel may receive pursuant to the EAJA. See 42 U.S.C. § 406; Gisbrecht v. Barnhart, 535 U.S. 789, 795-97 (2002); 20 C.F.R. § 404.1730 (2006). However, in order to avoid a double recovery of attorney fees for representation before the Court, a claimant's

counsel who is awarded attorney fees under both § 406(b) and the EAJA must refund the lesser amount to his client. See Gisbrecht, 535 U.S. at 795-98.

    A.    EAJA

Under the EAJA an application for attorneys fees must be filed within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)G).  A final judgment is defined as one that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).  Since the United States was a party in this action the time for filing an appeal was sixty days from entry of judgment. 28 U.S.C. § 2107(b).  The judgment was filed April 4, 2005, and thus the time for filing an appeal ran on June 3, 2005.  No appeal was taken.  Therefore, any EAJA application for attorneys fees in this case was due on or before July 3, 2005.  The current motion was filed June 7, 2007.  The application is approximately 23 months late and will be denied as untimely.

    B.    § 406(b)

As a preliminary matter the Court notes that the application for fees pursuant to § 406(a) was denied because counsel's representation occurred before this Court and not before the Social Security Administration.  This determination is not under review here.

There does not appear to be any time restraints placed on filing an application for fees under § 406(b).  The case was taken on a contingent fee basis and the Plaintiff did obtain a favorable result.  The Court will approve a fee of twenty-five percent as permitted by 42 U.S.C. § 406(b) and direct the release of the funds withheld by the Commissioner from the Plaintiff's past-due benefits to Plaintiff's counsel.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the award of attorneys fees under the EAJA.  The Court **GRANTS** the award of attorney fees under 42 U.S.C. § 406(b).  The Commissioner is directed to release the $12,507.00 in past-due benefits withheld for this purpose to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2007.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court